# EXHIBIT D

**Nassau County Police Department**

# Department Procedure

| PROCEDURE TITLE | PROCEDURE NUMBER | REVISION |
|---|---|---|
| **Domestic Incidents** | OPS 6310 | 1 |

**POLICY**

The policy of the Police Department is to afford the victims of domestic violence the greatest protection available. Our policy is intended to protect victims, enforce laws, and prevent future violence. Arrests are made when there is reasonable cause to believe that offenses have been committed or orders of protection have been violated. Reasonable cause is determined in the same way it is for all other offenses; the determination of reasonable cause is not influenced by the domestic relationships of the participants involved. Domestic incidents are not mediated in lieu of court proceedings.
[See Attachment A]

**PURPOSE**

To establish procedures for the following:

1. protecting victims of domestic violence and providing them with support through a combination of law enforcement and community services,
2. preventing the cycle of domestic violence and abuse,
3. responding to domestic incidents,
4. promoting officer safety and effectiveness by ensuring that officers are properly prepared to deal with domestic incidents. [See Attachment A]

**DEFINITIONS**

**Child:** [See Glossary]

**Choking and strangulation indicators:** indicators that could result from obstruction of the airway or asphyxia from external pressure. These indicators include:

1. voice change or loss,
2. difficult or painful swallowing,
3. difficulty breathing,
4. bruising,
5. changes in mental functioning,
6. involuntary defecation or urination,
7. capillary rupture in the eye area.

**Concurrent jurisdiction:** the authority of Criminal Court and Family Court to exercise simultaneous control over family offenses [**Refer to CPL §530.11**] arising from the same incident. The offenses must be committed by a person at least 16 years old against a family/household member.

Note:  The victim has the right to proceed in either Family Court or Criminal Court or both courts at the same time for a family offense. The victim may exercise this right at the time of arrest, or at a later date subsequent to an initial proceeding in either court.

Note:  If the offense involves child abuse or a violation of a valid order of protection there is no option for concurrent jurisdiction. The charges *must* be directed to criminal court. The police officer can advise that the victim can still seek services from the Family Court.

**Cross complaints:** a situation in which each party involved in a domestic incident accuses the other party of causing the domestic incident and/or committing an offense.

| ISSUING AUTHORITY | SIGNATURE | EFFECTIVE DATE | PAGE |
|---|---|---|---|
| Commissioner | | 05/24/06 | 1 of 10 |

| Domestic Incidents | OPS 6310 | 1 |
|---|---|---|

**Domestic incident:** an encounter between individuals within a domestic relationship [See Definition] that involves one or more of the following:

1. police response,
2. violence,
3. threat of violence,
4. report of an offense.

**Note:** A domestic incident may or may not involve a violation of law. Domestic incidents include cases of child abuse or neglect involving household members.

**Domestic relationship:** persons who either have a certain family or social relationship as indicated below:

1. **family/household:** domestic relationships specifically defined by the Family Court Act. Persons in such relationships have the option of having family offenses and violations of Family Court orders of protection handled by either Family Court or Criminal Court or both courts at the same time. Family/household relationships include persons who:
    a. are legally married to each other,
    b. were legally married to each other,
    c. are related by blood,
    d. are related by marriage,
    e. have a child in common. (Pregnancy with an unborn child *is not* considered to be a child in common.)

**Note:** If the offender is less than 16 years old, the Family Court has exclusive jurisdiction and the victim does not have the right to proceed in Criminal Court.

2. **social/household:** domestic relationships not specifically defined by law, but recognized by the Department. Individuals in this category may proceed only in Criminal Court. Social/household relationships include same sex and opposite sex couples who:
    a. live together in an intimate relationship and do not have a child in common. These common law unions, which are not formally recognized by New York State law, are characterized by persons who act as though married or claim to be a family but lack the legal status.
    b. have a current or former dating relationship. In this context, a dating relationship is characterized by an intimate or emotional bond between the parties or by an emotional attachment of one party for the other, even if not reciprocated.

**Family offenses:** consist of the following offenses which are committed between members of the same family/household:

1. Harassment 1° and 2°,
2. Aggravated Harassment 2°,
3. Assault 2° and 3°,
4. Attempted Assault (any degree),
5. Disorderly Conduct (including disorderly conduct that *does not* occur in a public place),
6. Reckless Endangerment 1° and 2°,
7. Menacing 2° and 3°,
8. Stalking 1°, 2°, 3°, and 4°.

| | |
|---|---|
| | **Note:** Domestic incidents may involve offenses other than those listed above. Such other offenses *are not* family offenses under the law and *may not be* prosecuted in the Family Court. The Criminal Court has exclusive jurisdiction over these types of offenses. (Examples: Assault 1°, Rape, Kidnapping, Unlawful Imprisonment, Attempted Murder) |
| | **Primary physical aggressor:** the person who initiates or instigates a physical confrontation. This is not necessarily the first person to use physical force. The primary physical aggressor may initiate the physical confrontation by using unprovoked physical force or instigate it by threatening the other person and placing that person in fear of physical injury. In either case the other person's use of physical force is of a defensive nature. |
| | **True threat:** occurs where the actor communicates a serious expression of intent to commit an unlawful act of violence toward a particular individual. |
| | **Unlawful coercive/controlling behavior:** patterns of abuse used by the offender in a domestic incident against the victim that may involve berating behavior, physical/verbal threats, or damage to jointly held property. These patterns have as their purpose the abuse or coercive control of the victim. |
| | **Note:** Harassment 2° often includes conduct which constitutes coercive or controlling behavior which makes it illegal for a person to engage in a course of conduct or repeatedly commit acts which alarm or seriously annoy another person and which serve no legitimate purpose. In addition, acts which instill fear of physical injury may constitute Harassment 1° or Menacing 1°, 2°, or 3°. |
| **SCOPE** | All Members of the Department. |
| **SOURCES** | CPL §140.10. (Arrest without a warrant; by a police officer; when and where authorized)<br>§140.30. (Arrest without a warrant; by any person; when and where authorized)<br>§140.35. (Arrest without a warrant; by person acting other than as a police officer or peace officer; when and how made)<br>§140.40. (Arrest without a warrant; by person acting other than as a police officer or peace officer; procedure after arrest)<br>§530.11. (Procedures for family offense matters) |
| **RULES** | No applicable rules within this procedure. |
| **REPLACES** | OPS 6310 Revision 0, dated 01/26/2001.<br>Department Special Orders 04-004, 04-019 and 06-026. |
| **PROCEDURE** | **A. Receipt of Complaint** |
| **Member Receiving Complaint** | 1. *Gathers* all information to initiate police response. |
| | 2. *Notifies* 911 and *provides* the gathered information. |
| **Radio Dispatcher** | 3. *Dispatches* domestic incident [See Definition] calls with the same priority as other emergency calls. |
| | 4. *Assigns* 2 Police Officers to respond to domestic incident calls. |
| | 5. *Refrains* from canceling police response for any reason. |

| | B. | Response |
|---|---|---|
| **Police Officer** | 1. | *Assesses* the situation. |
| | 2. | *Takes* control of all weapons that were used or threatened to be used and all potential weapons that pose a threat. |
| | 3. | *Renders* aid [See OPS 1110] if necessary. |
| | 4. | *Identifies* and *controls* all victims, witnesses, and potential offenders. |
| | Note: | Special attention should be given to identify other victims of abuse or neglect such as children, senior citizens, or handicapped people. |
| | 5. | *Determines* if any party is a licensed pistol holder. |
| | 6. | *Initiates* the Removal and Disposition of Weapons - Domestic Incidents Procedure [See OPS 10023] in the following situations: |
| | | a. there are firearms, rifles, or shotguns present, |
| | | b. a licensed pistol holder is involved in the incident. |
| | 7. | *Interviews* those involved and any witnesses. |
| | Note: | Children are often good witnesses and the source of valuable information. |
| | 8. | *Determines* if anyone at scene called the police. |
| | Note: | The tape recording of the person who called the Police Department may be important to the investigation of the incident. |
| | 9. | *Initiates* the following procedures, if applicable: |
| | | a. Child Abuse/Neglect & Emergency Removal Procedure, [See OPS 9025] |
| | | b. Domestic Situations Involving Law Enforcement Personnel. [See OPS 6313] |
| | 10. | *Confers* with the other officers at scene and *evaluates* the available information to determine if a domestic incident occurred. |
| | 11. | *Determines* if there is a violation of law involving a child visitation dispute. |
| | Note: | Child visitation disputes should be carefully investigated. These situations may constitute Custodial Interference and will require further action. |
| | 12. | If there is a violation of law involving a child visitation dispute, *initiates* the Arrest Situations Section. [See Section C] |
| | 13. | If there is no violation of law involving a child visitation dispute, *refers* the dispute back to the originating court. |
| | 14. | If a domestic incident *did not* occur, |
| | | a. *notifies* Communications Bureau (CB) of the nature of the incident, |

| | | |
|---|---|---|
| **Police Officer** | b. | *takes* any necessary police action. **[End of Procedure]** |
| | 15. | If a domestic incident *did* occur, *determines* if an order of protection is involved. |
| | 16. | If an order of protection *is* involved, *initiates* the Orders of Protection and Court Orders Procedure. [See OPS 5150] |
| | 17. | *Determines* if the domestic incident involves an arrest situation. |
| | Note: | Arrests should not be made for larceny of or criminal mischief to property if the alleged offenders have equitable interests in the property. Consider if other charges, such as harassment or menacing, are appropriate. |
| | 18. | *Refers* to the detective division, ***without arrest***, cases that involve Aggravated Harassment 2nd degree sub 1, where the subject intentionally harasses, annoys or alarms the victim. |
| | Note: | When a true threat [See Definition] is involved, an arrest will be made. |
| | 19. | If the domestic incident involves an arrest situation, [See Section C]. |
| | 20. | *Determines* if Crime Scene Search Section (CSSS) is needed to document the domestic incident. |
| | 21. | If CSSS *is* needed to document the domestic incident, *initiates* the Crime Scene Duties Procedure. [See OPS 8115] |
| | 22. | If CSSS *is not* needed, but Polaroid evidence would enhance case preparation, *initiates* the Domestic Incidents - Polaroid Evidence Procedure. [See OPS 6311] |
| | 23. | If a child is present during a domestic incident, *initiates* the Children at Scene of Domestic Incidents Section. [See Section E] |
| | 24. | *Prepares* DCJS Form 3221, New York State Domestic Incident Report, *and* |
| | | a. *explains* rights and, if applicable, the court options to the complainant/victim, |
| | | b. *provides* the complainant/victim with 1 copy of DCJS Form 3221, |
| | | c. *reads* the Notice of Victim's Rights to the complainant/victim if necessary. |
| | 25. | *Prepares* a case report and *notes* the following situations in the narrative section of the report: |
| | | a. a non-arrest, in an incident involving reasonable cause to make an arrest, with an explanation of the actions taken, |
| | | b. both parties were uncooperative with police or denied that a domestic incident occurred, |
| | | c. a child is exposed to *either* of the following:<br>(1) use or threatened use of unlawful physical force,<br>(2) a situation that clearly endangers the physical, mental, or emotional well being of the child, |

|  |  |
|---|---|
|  | d. the name of the Desk Officer or Patrol Supervisor notified of the above situations. |
|  | Note: PDCN Form 99A, Domestic Incident MO Codes, should be utilized to ensure the inclusion of all applicable MO codes. |
|  | Note: DCJS Form 3221 and a case report will also be completed in the following situations:<br>1. application for emergency Family Court arrest warrants,<br>2. application for emergency temporary orders of protection,<br>3. enforcement of vacate premises orders of protection,<br>4. enforcement of Supreme Court orders,<br>5. child abuse cases involving household members,<br>6. child visitation disputes. |
| **Police Officer** | 26. *Advises* the victim of the availability of shelters and other victim services in the community. |
|  | 27. *Assists* the victim in obtaining shelter and/or transportation to a safe place if necessary. |
|  | 28. *Calls* in the domestic incident information according to the Case Reports Procedure. [See OPS 8110] |
|  | Note: Contrary to routine case reporting practice, domestic incident information ***should not*** be called in from the scene of a domestic incident if doing so would be insensitive, offensive to those present at the scene, or counterproductive to the settlement of the incident. |
|  | 29. *Forwards* DCJS Form 3221 to the Desk Officer. |
| **Desk Officer** | 30. *Promptly reviews* domestic incident case reports to ensure that they are complete and accurate. |
|  | 31. *Assigns* the case to the Detective Division in the following situations:<br>a. an offender will be arrested but cannot be located,<br>b. an offender has been arrested and the charge(s) require Detective assistance,<br>c. Aggravated Harassment 2nd degree sub 1 PL § 240.30 is the crime and there was no arrest made. |
|  | 32. *Assigns* or *transmits* (FYI) the case report to Special Services Squad Juvenile Aid Section (JAS), if a child is exposed to *either* of the following:<br>a. use or threatened use of unlawful physical force, *or*<br>b. a situation that clearly endangers the physical, mental, or emotional well being of the child. [See Section E] |
|  | 33. *Reviews* DCJS Form 3221 and *forwards* to the precinct clerk. |
| **Investigating Detective** | 34. *Notifies* a Detective Squad Supervisor when a domestic incident case has been referred for investigation. |

| | |
|---|---|
| **Investigating Detective** | 35. *Conducts* a follow up investigation on referred domestic incident cases, which may include the following:<br><br>   a. the need for victim support and encouragement,<br>   b. interview of victim and witnesses,<br>   c. preservation of physical evidence,<br>   d. photographs of the crime scene,<br>   e. acquisition of the 911 tape,<br>   f. application for arrest warrants.<br><br>**Note:** It may be necessary to apply for an arrest warrant for an offender who committed a petty offense in the presence of a Member of the Force but has not been apprehended.<br><br>**Note:** CPL §140.10(4) and Department policy prohibit members from inquiring as to whether the victim seeks an arrest of an offender who committed a misdemeanor family offense.<br><br>36. *If* there will be no arrest made for Aggravated Harassment 2nd degree, *forwards* the case to the District Attorney's office for warrant review.<br><br>37. *Informs* the victim and the offender of the following, if an arrest has been made:<br><br>   a. the criminal action is being initiated by the State and not by the victim,<br>   b. the victim will likely be contacted by a domestic violence agency related to the police intervention into the current situation. |
| **Precinct Squad Commanding Officer** | 38. *Ensures* the Precinct Domestic Incident Liaison Officer is notified of all arrests made by the Precinct Squad involving a domestic incident. |
| **Precinct Clerk** | 39. *Maintains* a file of DCJS Form 3221 on domestic incidents occurring within the command. |
| **Precinct Domestic Incident Liaison Officer** | 40. *Reviews* and *monitors* domestic incidents occurring within the command.<br><br>41. *Ensures* a photocopy of DCJS Form 3221 is forwarded to Records Bureau Warrant Section for all domestic incidents involving a victim 65 years of age or older.<br><br>42. *Ensures* case reports are faxed daily to the Nassau County Coalition Against Domestic Violence [See **Appendix I**] on all domestic incidents involving the following:<br><br>   a. an arrest,<br>   b. special cases, not involving an arrest, if there is reason to believe that advocacy services might be particularly helpful. |

C. **Arrest Situations**

| | |
|---|---|
| **Police Officer** | 1. *Effects* a summary arrest of any offender, when there is reasonable cause to believe [See **Glossary**] any of the following took place [See **Attachment A**]:<br><br>   a. a crime was committed,<br>   b. a petty offense was committed in the Police Officer's presence, |

| Domestic Incidents | OPS 6310 | 1 |
|---|---|---|

| | | |
|---|---|---|
| **Police Officer** | | c. the terms of an order of protection have been violated. [See OPS 5150] |
| | Note: | CPL §140.10(4) and Department policy prohibit members from inquiring as to whether the victim seeks an arrest of an offender who committed a misdemeanor family offense. |
| | 2. | *Arrests* the subject for Menacing 3rd degree PL 120.15 when there is probable cause to believe that: |
| | | a. the subject applied or threatened to apply pressure manually or by foreign object to the victims neck, *or* <br> b. actually or threatened to obstruct a victims airway. |
| | Note: | Probable cause can be supported by the presence of choking and strangulation indicators [See Definition]. |
| | 3. | *Prepares* PDCN Form 32B, Supporting Deposition, when possible. |
| | Note: | The deposition of the victim and/or witnesses need only include a description of the specific unlawful behavior. Although recommended when possible, there is no requirement that PDCN Form 32B include a request for arrest. |
| | Note: | The date of birth for all persons referred to on PDCN Form 32B will be recorded immediately after their name. |
| | 4. | If a summary arrest *can not be* made, due to lack of reasonable cause, [Go to step C.9]. |
| | 5. | *Conducts* a preliminary investigation aimed at locating and arresting the offender, if not at scene. This investigation should include the following: |
| | | a. interviewing the victim and witnesses, <br> b. searching the immediate area, <br> c. responding to a known location of the offender. |
| | 6. | If the offender is located, *effects* a summary arrest. [See OPS 2115] |
| | 7. | *Informs* the victim and the offender of the following: |
| | | a. the criminal action is being initiated by the State and not by the victim, <br> b. the victim will likely be contacted by a domestic violence agency related to the police intervention into the current situation. |
| | 8. | If the offender is not located, *notifies* the Desk Officer for referral to the Detective Division. **[End of Section]** |
| | 9. | *Determines* if the victim elects to make a civilian arrest, if applicable. |
| | Note: | This determination should be made out of the presence of the offender. The civilian arrest will only be utilized in those situations where Police Officers cannot effect a summary arrest. |

| Domestic Incidents | PAGE | 8 of 10 |
|---|---|---|

Case 2:09-cv-02868-ARL Document 28-9 Filed 01/20/11 Page 10 of 13 PageID #: 247

| | | |
|---|---|---|
| **Police Officer** | 10. | If the victim *does* elect to make a civilian arrest, *initiates* the Civilian Arrest Procedure. [See OPS 2310] [See Attachment A] |

D. **Cross Complaints**

**Police Officer**

1. *Conducts* an investigation and *evaluates* each complaint separately to identify the offending party.

2. *Evaluates* the following to identify and arrest the primary physical aggressor [See Definition], if mutual physical force was used:

   a. comparative nature of the parties' injuries,
   b. any serious threats creating a fear of physical injury,
   c. knowledge of a prior history of violence between the involved parties,
   d. whether any party acted defensively to protect himself from injury.

3. If the cross complaints [See Definition] involve a possible arrest situation, [Go to Section C].

Note: A decision to arrest the primary physical aggressor does not prohibit the arrest of the other party at a later time. It also does not prevent the arrest of both parties when there is reasonable to cause to believe a crime was committed or a petty offense was committed in the presence of the Police Officer.

Note: An arrest *will not be* made for acts which Police Officers have reasonable cause to believe were committed in self defense, as per PL Article 35.00.

E. **Children at Scene of Domestic Incidents**

**Police Officer**

1. *Notifies* the Desk Officer, if a child is exposed to *either* of the following:

   a. the use or threatened use of unlawful physical force, *or*
   b. a situation that clearly endangers the physical, mental, or emotional well being of the child.

2. *Advises* the relevant parties that a JAS detective will respond to assess the needs of the child.

**Desk Officer**

3. *Notifies* JAS.

**JAS Detective**

4. *Responds* to assess the needs of the child.

Note: If an immediate response is not necessary, the JAS Detective should respond as soon as practical, but preferably no later than 72 hours following the incident.

5. *Accesses* any available resources that might be necessary to ensure the child's physical and emotional security.

6. *Notes* in the narrative section of the case report the assessment of and the actions taken for the child.

| Domestic Incidents | OPS 6310    1 |
|---|---|

|  |  |  |
|---|---|---|
|  | F. | **Arrest Discretion** |
|  | Note: | The policy of the Department is to arrest when the law is violated in a domestic incident. The Department's objective is to provide for the safety of victims through arrest intervention. In some rare and unusual cases, such a policy may create an unintended and ineffective application of law. |
| **Police Officer** | 1. | If the arrest *would be* an unintended or ineffective application of law, |
|  |  | a.   *keeps* the offender at scene, |
|  |  | b.   *confers* with the Desk Officer or a Patrol Supervisor regarding the arrest. |
| **Desk Officer/ Patrol Supervisor** | 2. | *Evaluates* the situation and *directs* the Police Officer regarding the arrest of the offender. |
|  | Note: | An arrest *must be* made in all situations when there is reasonable cause to believe one of the following crimes occurred: <br> 1) felonies, <br> 2) family offense misdemeanors, <br> 3) violations of an order of protection, <br> 4) misdemeanors involving unlawful coercive/controlling behavior. |
|  | 3. | *Ensures* that the case report narrative includes a detailed explanation of the incident and the actions taken. |
| **Police Officer** | 4. | If the supervisor directs an *arrest*, [Go to step C.1]. |
|  | 5. | If the supervisor directs *no arrest*, *includes* a detailed explanation of the incident and the actions taken in the narrative section of the case report. |

\*\*\*

**Nassau County Police Department**

# Attachment A

| ATTACHMENT TITLE | ATTACHMENT NUMBER | REVISION |
|---|---|---|
| **Domestic Incident Policies** | OPS 6310-A | 1 |

A. **General Policy**

1. The Nassau County Police Department recognizes that domestic violence is a complex social problem affecting families and households from all cultural and economic backgrounds. The scope of behavior may range from child neglect to elder abuse; it may involve spouses, other family members, or intimate partners. Domestic violence often results in profound physical and emotional damage to victims.

2. Offenses committed between family or household members are serious events. This is true regardless of the relationships, social status, or living arrangements of the persons involved. The Department's policy is intended to direct the actions of Department members in responding to these domestic incidents and recognizing when offenses are committed. The goal of the Department and its members is to protect victims, enforce the law, and prevent future violence.

3. Experience and research indicate that lawful arrest is an intervention that is effective in preventing or breaking the cycle of violence in the domestic setting. Failure to arrest may increase physical and emotional risk to victims. Therefore, the Department's objective is to protect victims of domestic abuse by enforcing the law.

B. **Police Arrest Policy**

1. In all domestic incidents in which the law is violated, the police objective is to protect the victims by making arrests. When police officers can make lawful arrests, offenders are arrested. Officers will provide victims with information, assistance, and encouragement to cause and facilitate lawful arrests. The victims should not be requested or required to make citizen arrests when police arrests can be made. An intent of this policy is to remove the burden of an arrest decision from victims, who are often unable or unwilling to make that decision due to social, psychological, economic, or other conditions. Therefore, members will make lawful arrests based on reasonable cause, in accordance with the guidelines set forth in the procedure. In this regard, the Arrest Processing - Domestic Incidents Procedure [See OPS 2131] includes provisions for those circumstances where victims are unwilling or unable to be the complainant.

2. In domestic incidents involving misdemeanors constituting family offenses, victims will not be asked whether they seek arrest. Members should be aware of the wording in Criminal Procedure Law (CPL) §140.10(4c) which prohibits inquiring:

    "The officer shall neither inquire as to whether the victim seeks an arrest of such person nor threaten the arrest of any person for the purpose of discouraging requests for police intervention."

3. In evaluating reasonable cause to arrest, the following *are not* valid reasons for *not* arresting the offender:

    a. the offender lives with the victim,
    b. the participants have a certain marital status,
    c. the participants have certain ownership or tenancy rights,
    d. there are assurances by the offender or the victim that the violence will stop,
    e. there is no order of protection in effect,
    f. there may be financial consequences caused by an arrest,
    g. the victim and offender are "family/household members,"
    h. the victim has made prior calls or is a "chronic complainer,"
    i. the offender gives assurance not to harm the victim,
    j. the alleged injury is minor or not immediately visible,
    k. the victim may not be a willing participant in subsequent proceedings,
    l. prosecution and conviction may not occur, even though there exists reasonable cause to arrest,

| EFFECTIVE DATE | PAGE |
|---|---|
| 05/24/06 | 1 of 2 |

Case 2:09-cv-02868-ARL   Document 28-9   Filed 01/20/11   Page 13 of 13 PageID #: 250

    m.  the victim and offender are, or formerly were, involved in a same-sex relationship,
    n.  the offender or victim is a prominent citizen, public official, or other public employee,
    o.  there is no longer any disturbance or violence at the scene, and the immediate situation appears resolved,
    p.  the victim requests no arrest be made,
    q.  speculation that the victim will not follow through or cooperate with the criminal prosecution, whether based on prior incidents involving the victim or the victim's hesitancy about pursuing prosecution.

**C.**   **Civilian Arrest Policy**

    1.  Victims are to be afforded the opportunity to make a civilian arrest, pursuant to CPL §140.30. This alternative is appropriate for situations where police officers cannot make summary arrests, such as petty offenses that were not committed in the officers' presence. The civilian arrest alternative will not be used as a substitute for police arrest or to defeat the general purpose of the Department's pro-arrest policy. In cases of civilian arrests, victims should be informed of their rights, outside of the presence of the offender where feasible, and assisted by the officers in effecting the arrests.

    2.  When a police officer has reasonable cause to believe that a complainant's allegations are not true, the police officer will not assist with the civilian arrest and must terminate the arrest if the civilian has already effected it. Members should be aware of the wording in CPL §140.40(4) which refers to police duties in connection with civilian arrests:
> "...a police officer is not required to take an arrested person into custody or to take any other action prescribed in this section on behalf of the arresting person if he has reasonable cause to believe that the arrested person did not commit the alleged offense or that the arrest was otherwise unauthorized."

    3.  Third party complaints will be referred to the District Attorney's Complaint Bureau.

    4.  If the arresting person/victim elects to proceed with the civilian arrest exclusively in either family court or criminal court, duplicate paperwork for a future proceeding in the other court is not necessary and is not prepared.

\*\*\*